NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA ROUSE,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF HEALTH AND HUMAN SERVICES, HUDSON COUNTY DEPARTMENT OF FAMILY SERVICES, HUDSON COUNTY PROSECUTOR'S OFFICE, and HANY HANNA,<br><br>Defendants. | Civil Action No.: 15-01511 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

Plaintiff Andrea Rouse brings claims against the above-named Defendants for violation of her constitutional rights under 42 U.S.C. § 1983 and various state law causes of action, based on the Defendants' allegedly wrongful prosecution of Plaintiff for welfare benefits fraud. (See ECF No. 1, "Compl."). The New Jersey Department of Health, the New Jersey Department of Human Services (improperly plead as a single entity),[1] and the Hudson County Prosecutor's Office ("HCPO") (collectively "the Moving Defendants") now move to dismiss Plaintiff's Complaint based on lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (ECF No. 8). Because this Court finds that it lacks

---

[1] See N.J. Stat. Ann. § 26:1A-2 ("There is hereby established in the Executive Branch of the State Government a principle department which shall be known as the State Department of Health."); N.J. Stat. Ann. § 30:1-2 ("The Department of Human Services . . . is hereby constituted a principal department in the Executive Branch of the State Government.").

1

the requisite subject matter jurisdiction over the Moving Defendants, it need not opine on whether Plaintiff has failed to state a claim.

## BACKGROUND

Plaintiff is a Jersey City resident who received welfare benefits from 2008 through November 2012. (Compl. at ¶¶ 3, 10). Plaintiff alleges that, in retaliation of an assault complaint she filed against a Department of Family Services ("DFS") caseworker in May of 2012, the DFS assigned Defendant Hany Hanna to investigate Plaintiff for welfare benefits fraud. (Id. at ¶¶ 14, 17). According to Plaintiff, Mr. Hanna engaged in an unlawful investigation which culminated in his filing of a false report in which he accused Plaintiff of welfare fraud. (Id. at ¶¶ 18-26). During the course of his investigation, Plaintiff filed a harassment complaint against Mr. Hanna. (Id. at ¶ 22). Thus, Plaintiff alleges that her filing of a harassment complaint against Mr. Hanna created a clear conflict of interest, and as such, it was unlawful for the DFS to permit Mr. Hanna to continue his investigation and for the HCPO to subsequently charge Plaintiff with "theft by deception." (Id. at ¶¶ 22-24).

Plaintiff now brings claims of section 1983 and various state law causes of action against the Defendants. The Moving Defendants argue that dismissal is warranted based upon the Eleventh Amendment doctrine of sovereign immunity. For the reasons stated below, this Court agrees.

## LEGAL STANDARD

The well-recognized doctrine of sovereign immunity, embodied in the Eleventh Amendment to the United States Constitution, provides that the States are immune from suit in federal court. *See, e.g., Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71 (1989); *Alden v. Maine,* 527 U.S. 706, 712–13, (1999). In fact, federal courts lack jurisdiction even over pendent

state law claims. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002) ("[Section] 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants.").

So protective is this doctrine that a State's sovereign immunity may only be waived where the State itself has "unequivocally express[ed] consent to suit in federal court," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984), or alternatively, where Congress "authorize[s] such a suit in the exercise of its power to enforce the Fourteenth Amendment." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

Notably, sovereign immunity is not limited to the State itself, but rather extends to state agencies and state officers who act on behalf of the State. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). In the seminal case of *Fitchik v. N.J. Transit Rail Operations, Inc.*, the Third Circuit has outlined the following three factors "[i]n determining whether an entity is an arm of the state, and therefore entitled to Eleventh Amendment immunity . . . : (1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy." *Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001) (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)).

## ANALYSIS

The Moving Defendants contend that they are "arms of the state" for Eleventh Amendment purposes, and are therefore immune from suit in federal court. (Defs.' Br. at 6-11). Plaintiff responds that the Defendants are subject to suit under the New Jersey Tort Claims Act ("NJTCA"), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the manner and to the same extent as a private individual." (Pl's. Br. at 6) (quoting N.J. Stat. Ann. § 59:2-2(a)). Plaintiff also argues

3

that the Defendants are liable under the seminal case of *Monell v. Dep't of Social Servs.*, as the alleged constitutional violation was committed by an employee of Defendants and said violation "flow[ed] from a policy, practice, or custom of such violations." (Pl's. Br. at 6) (citing to *Monell*, 436 U.S. 658 (1978)).

This Court finds that each of the Moving Defendants are arms of the state entitled to Eleventh Amendment immunity. The State Department of Human Services and the State Department of Health are "principal department[s]" within the State's "Executive Branch." N.J.S.A. 30:1-2 (establishing the Department of Health); N.J.S.A. 26:1A-2 (establishing the Department of Human Services). As such, both Departments are indisputably "arms of the state." *See Aerated Products Co. v. Dep't of Health of N.J.*, 159 F.2d 851, 853-54 (3d Cir. 1947) ("[T]he Department [of Health] is part of the executive branch of the New Jersey Government. . . . Consequently, we agree . . . that plaintiff's suit against the Department is protected by the Eleventh Amendment.").

Moreover, because both Departments are funded by the State treasury, any damages against these Defendants would come from the State itself. N.J.S.A. § 52:18A-42 ("[T]he State Treasurer, with the approval of the Governor, may make transfers of appropriations, in whole or in part, available and to become available to any department, officer, or agency affected by the provisions of this act."). Accordingly, this Court agrees with the majority of courts in this District that have found that the State Department of Health and the State Department of Human Services are "arms of the state" entitled to sovereign immunity. *See, e.g., Aerated Products Co. v. Dep't of Health of N.J.*, 159 F.2d 851, 853-54 (3d Cir. 1947) (finding that the Department of Health is entitled to sovereign immunity); *Rahman v. Taylor*, 10-cv-367, 2010 WL 2178938, *6 (D.N.J. May 27, 2010) (Simandle, J.) (same); *Banda v. N.J. Dep't of Mental Health Servs, et. al.*, 5-cv-2622, 2005 WL

4

2129296, *5 (D.N.J. Aug. 31, 2005) (Martini, J.) (dismissing claims against the New Jersey Department of Human Services on Eleventh Amendment grounds); *Cole v. New Jersey Dep't of Human Services*, 13-cv-3987, 2014 WL 2208142, *1 (D.N.J. 2012) (Wolfson, J.) (same); *Fladger v. Trenton Psychiatric East 2 Treatment Team*, 12-cv-5982, 2013 WL 3271018, *7 (D.N.J. June 27, 2013) (Wolfson, J) (same, collecting cases).

Applying the Third Circuit's *Fitchik* factors, this Court also finds that the HCPO is an "arm of the state" entitled to sovereign immunity. First, a judgment against the HCPO for the claims alleged would come from the State treasury. *Fitchik*, 873 F.3d at 659. In the seminal case of *Wright v. State*, the New Jersey Supreme Court explained that "when county prosecutors . . . act in their law enforcement/investigatory capacity, they act as 'agents and 'officers' of the State" such that "the State should be made to 'respond to damages.'" *Wright*, 169 N.J. 422 at 452 (2001) (citing N.J.S.A. 59:1-3). Here, Plaintiff alleges claims against the HCPO for 1983 violations, false arrest, malicious prosecution, and intentional infliction of emotional distress. (Compl. ¶ 31, 42, 46, 62). The gravamen of these allegations is that the HCPO chose to prosecute Plaintiff despite what she alleges to be a clear conflict of interest on the part of Mr. Hanna, the DFS investigator handling her case. (Compl. ¶ 34-35). Decisions such as whether to bring charges are clearly within the "law enforcement function[s] . . . that the Legislature has delegated to the county prosecutors." *Wright*, 169 N.J. at 451; N.J.S.A. 2A:158-4 ("The criminal business of the State shall be prosecuted by the Attorney General and the county prosecutors."). Thus, any damages Plaintiff seeks against the HCPO would be paid from the State's treasury.

Additionally, the status of the HCPO as a "constitutionally established office" satisfies the second *Fitchik* factor which considers the status of an defendant for sovereign immunity purposes. *Wright*, 169 N.J. at 437 (citing *Coleman v. Kaye*, 87 F.3d 1491, 1500 (3d Cir. 1996) and

N.J. Const. Art. VII, § 2, ¶ 1). Finally, the third *Fitchik* factor is satisfied here, where a county prosecutor acting with prosecutorial authority is not an autonomous entity separate from the State. *See Wright*, 169 N.J. at 455; *see also Briggs v. Moore*, 251 Fed. App'x 77, 70 (3d Cir. 2007) (unpublished) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."). As the *Wright* Court stated:

> A prosecutor whose actions do involve the enforcement of the criminal laws does not enjoy a comparable degree of autonomy from the State government. Thus, the Attorney General has the ultimate responsibility in matters related to the enforcement of the State's criminal laws that have been legislatively delegated to county prosecutors.

*Id.* (citing N.J.S.A. 52:17B-98; N.J.S.A. 52:17B-103).

Based upon the above application of the *Fitchik* factors to the facts of the case at bar, this Court finds that the HCPO is an "arm of the state" entitled to sovereign immunity. Other courts in this district have held the same. *Woodyard v. County of Essex*, 514 Fed. App'x 177 (3d Cir. 2013) (unpublished) (applying the *Fitchik* factors in finding that the Essex County Prosecutors Office is entitled to sovereign immunity against claims that the office arrested and detained plaintiff without probable cause); *Beightler v. Office of Essex County Prosecutor*, 342 Fed. App'x. 829, 2009 WL 2562717 (3d Cir. 2009) (unpublished); *In re Camden Police Cases*, 2011 WL 3651318 (D.N.J. Aug. 18, 2011) (Kugler, J.) (finding, upon application of the *Fitchik* factors, that the Camden County Prosecutor's Office is immune from suit); *Kandil v. Yurkovic*, 6-cv-4701, 2007 WL 4547365, *4 (D.N.J. 2007) (Greenaway, J.) ("[T]he District of New Jersey has consistently held that New Jersey county prosecutors' offices are entitled to Eleventh Amendment immunity from suits arising out of the exercise of prosecutorial powers."); *Paez v. Lynch*, 7-cv-5036, 2009 WL 5171858, *4 (D.N.J. Dec. 23, 2009) (Cavanaugh, J.) (finding that the HCPO is an "arm of the state," for Eleventh Amendment purposes); *Mikhaeil v. Santos*, 10-cv-3876, 2011 WL

2429313, *4 (D.N.J. June 13, 2011) (Martini, J.) (barring, on Eleventh Amendment grounds, all section 1983 claims brought against the State of New Jersey and its agencies, including the HCPO).

Moreover, contrary to Plaintiff's assertions, neither the State of New Jersey nor Congress has abrogated the State's Eleventh Amendment immunity as to Plaintiff's section 1983 or state tort claims. While the NJTCA expressly waives the State's sovereign immunity as to certain claims, it does not reflect the State's "express[ ] consent to suit in federal courts and thus is not an Eleventh Amendment waiver." *Hyatt v. County of Passaic*, 340 Fed. App'x 833, 837 (3d Cir. 2009) (unpublished); *see also Lawson v. K2 Sports USA*, 8-cv-6330, 2009 WL 995180, *3 (D.N.J. Apr. 13, 2009) (Brown, C.J.) (dismissing certain state tort claims against the New Jersey Department of Environmental Protection where "there is no provision in the [NJTCA] that waives sovereign immunity or consents to suit in federal court" for those torts); *Paez v. Lynch*, 7-cv-5036, 2009 WL 5171858, *4 (D.N.J. Dec. 23, 2009) (Cavanaugh, J.) (stating that the NJTCA does not waive the HCPO's sovereign immunity).

Similarly, while "section 1983 provides a federal forum to remedy many deprivations of civil liberties, [ ] it does not provide a federal forum for litigants who seek a remedy against a State" for same. *Will v. Mich. Dep't of State Police*, 491 U.S. 48, 66 (1989); *see also Banda v. N.J. Dep't of Mental Health Servs, et. al.*, 5-cv-2622, 2005 WL 2129296, *5 (D.N.J. Aug. 31, 2005) ("Section 1983 does not override a State's Eleventh Amendment Immunity.").

Moreover, a Plaintiff cannot circumvent the State's sovereign immunity by alleging *Monell* liability under section 1983. Specifically, *Monell* liability only attaches to local governments, and does not attach to the State or its agencies. *See Monell*, 436 U.S. at 690 ("Congress did intend *municipalities and other local government* units to be included among those persons to whom § 1983 applies.") (emphasis added); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58,

70 (holding that *Monell* is not applicable to "States or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes"). As such, having found that the New Jersey Departments of Health and Human Services and the Hudson County Prosecutors Office are "arms of the state" for Eleventh Amendment purposes, this Court need not analyze whether Plaintiff has sufficiently plead a claim of *Monell* liability as against these Defendants. *See Briggs v. Moore*, 251 Fed. App'x 77, 70 (3d Cir. 2007) (unpublished) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983. *Even if it were*, Plaintiff did not claim that his allegedly unconstitutional arrest was the result of a municipal custom or policy.") (emphasis added).

In summary, this Court holds that the Moving Defendants are arms of the state subject to Eleventh Amendment immunity, and neither the New Jersey Tort Claims Act, nor 42 U.S.C. § 1983 serve to abrogate the State's immunity from suit in federal court.

## CONCLUSIONS

Having thoroughly reviewed the papers submitted in support of and in opposition to the instant motion, and for the reasons stated above, this Court hereby dismisses the Complaint as against the Moving Defendants the New Jersey Department of Health, the New Jersey Department of Human Services, and the Hudson County Prosecutor's Office.

An appropriate Order accompanies this Opinion.

DATED: October 13, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE